

MICHAEL P. LOWRY
Nevada Bar No. 10666
CHRISTOPHER D. PHIPPS
Nevada Bar No. 3788
300 South 4th Street, 11th Floor
Las Vegas, NV 89101-6014
Tel: 702.727.1400/Fax: 702.727.1401
Michael.Lowry@wilsonelser.com
Christopher.Phipps@wilsonelser.com
Attorneys for Aloha Airport Express, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA DE BLANC,<br><br>Plaintiff,<br><br>v.<br><br>ALOHA AIRPORT EXPRESS, a Foreign Limited Liability Company; does 1 THROUGH 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally,<br><br>Defendants. | Case No.:  2:18-cv-151<br><br>**Aloha Airport Express, LLC's Reply re Motion for Summary Judgment** |

Plaintiff is trying to hold an employer vicariously liable for the damages allegedly caused by the alleged negligence of an employee.  She knew who the employee was, but didn't sue him.  She now argues that she is just suing the company.  These arguments are too little, too late.

DATED this 1st day of February, 2019.



BY: */s/ Michael P. Lowry*
_____
MICHAEL P. LOWRY
CHRISTOPHER D. PHIPPS
300 South 4th Street, 11th Floor
Las Vegas, NV 89101-6014
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Aloha Airport Express, LLC

**Memorandum of Points & Authorities**

**I.    Plaintiff is trying to hold Aloha responsible for Mr. Levias' actions.**

   Plaintiff's opposition argues two mutually exclusive positions.  First she argues that she has only sued Aloha because she is arguing it was negligent for deciding to one step stool instead of an unidentified other step stool.[1]  If so, then Mr. Leivas' actions at the airport are entirely irrelevant to the case.  Yet then she argues Aloha is vicariously liable if Mr. Leivas was negligent.[2]  Either she is suing Aloha for a decision an employee made, or she is trying to hold Aloha vicariously liable for Mr. Leivas' negligence.  Either way, an employee was a necessary party.

**a.   Plaintiff never sought to add the employee who selected the stool.**

   Plaintiff argues that her first cause of action is against Aloha directly for its mere decision to use one stool as opposed to another.  The court has jurisdiction via diversity, so it applies Nevada law.  "A corporation can act only through its officers or agents. When we wish to ascertain what a corporation has done, we ask what its authorized agents have done. In this country, for all practical purposes, the board of trustees is the corporation, so far at least as its relations to the public are concerned."[3]  In a negligence case, the employee is negligent but the employer is vicariously liable to pay for damages the employee's negligence caused.

   Here, if the negligence that Plaintiff alleges is the decision to select one stool over the over, then Mr. Levias' actions are moot but Plaintiff still needed to identify the employee who owed the duty to select some other, unidentified stool.  Plaintiff never did that.  The company can act only through its employees and could be vicariously liable for damages an employee's negligent decision caused.  However, Plaintiff does not identify who decided to use the stool, let alone why that decision was negligent.  Summary judgment would still be proper.

---

[1] ECF No. 32 at § II(A)(1).
[2] *Id.* at § II(B).
[3] *Edwards v. Carson Water Co.*, 21 Nev. 469, 493, 34 P. 381, 390 (1893) (Bigelow, J. dissenting); "It is well settled that a corporation can act only through its agents." *Smith's Food & Drug Ctrs., Inc. v. Bellegarde*, 114 Nev. 602, 608, 958 P.2d 1208, 1212 (1998), *overruled on other grounds by Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 745-46, 192 P.3d 243, 256-57 (2008).

### b. The driver's liability was extinguished.

The easiest way for Plaintiff to circumvent this motion would be to add Mr. Levias as a party. However, Plaintiff does not dispute that she had *actual knowledge* of his identity no later than March 14, 2018. Despite that, Plaintiff did nothing to join Mr. Levias as a party until her opposition to this motion, filed January 18, 2019 or 311 days after Mr. Levias' identity was disclosed. Plaintiff took this action only *after* all of the deadlines to join parties had expired and *after* Aloha sought summary judgment for failing to join him. As a result, she may not now join Mr. Levias as a party.

### i. If an employee's direct liability is extinguished, an employer's derivative liability for the employee's alleged negligence is also extinguished.

Nevada's common law rule is that "the release of an employee automatically releases the vicariously liable employer…."[4] *Van Cleave* is the only recognized exception, but applies only when NRS 17.245 is invoked by a release, covenant not to sue, or covenant not to enforce judgment given to the employee, but not the employer. This exception does not apply here because Plaintiff did not give a release, covenant not to sue, or covenant not to enforce judgment to Mr. Levias; Plaintiff instead failed to sue Mr. Levias before the statute of limitations expired. The Nevada case law cited in the opposition concerned whether employees were within the course and scope of employment when they were allegedly negligent. If so, then the employer could be vicariously liable for the damages the employee's negligence caused. However, none say that an employer's vicarious liability survives although the employee's individual liability was extinguished.

The common law rule is that the release of an employee automatically releases the vicariously liable employer requires a plaintiff to satisfy two elements to impose derivative liability upon an employer like Aloha. The plaintiff must 1) obtain or have the ability to obtain a judgment against 2) an employee who was negligent while within the course and scope of employment. If established, then the employer has derivative liability to satisfy the judgment or

---

[4] *Van Cleave v. Gamboni Constr. Co.*, 101 Nev. 524, 525, 706 P.2d 845, 846 (1985).

potential against the employee.  This is consistent with *Semenza v. Caughlin Crafted Homes*'
ruling that an "officer of a corporation may be individually liable for any tort which he commits,
and, if the tort is committed within the scope of employment, the corporation may be *vicariously
or secondarily liable* under the doctrine of respondeat superior."[5]  This two element requirement
in Nevada common law is consistent with persuasive authority from the highest courts of New
York (1980), Maine (1989), Delaware (1993), Arkansas (2002), and Ohio (2005 and 2009).
Applied here, there will never be a judgment against Mr. Levias if he was negligent in this matter.
Any direct liability he may have once had was extinguished by Plaintiff's failure to sue him before
the statute of limitations expired.  If there is no direct liability there can be no derivative liability
against Aloha.

### ii.  Plaintiff's single element theory is the minority position.

 Plaintiff asserts derivative liability requires proving only one element:  an employee was
negligent while within the course and scope of employment.  If so, then the employer has
derivative liability for any resulting damages no matter if the employee's own, direct liability was
extinguished.

Plaintiff cites a variety of cases, but none are as persuasive as she argues.  She touts how in
2001 the Supreme Court of Kentucky addressed this topic and allowed suit against the employer
to continue.[6]  But the primary analysis concerned why settling a case is different from failing to
file a complaint before the statute of limitations expires.  This fact alone distinguishes the case
because Plaintiff's statute of limitations against Mr. Levias expired.  Further, Kentucky did not
offer a detailed analysis of how other jurisdictions have ruled.  The decision just cited only
Delaware's analysis and declined to follow it, all in just one sentence.  A one sentence finding is
hardly the type of rigorous analysis that would make Kentucky's ruling persuasive.

Plaintiff also relies upon California law.  For more than a century California has ruled
"[t]he employee's responsibility is primary.  He is responsible because he committed the wrongful

---

[5] 111 Nev. 1089, 1098, 901 P.2d 684, 689 (1995) (emphasis added).
[6] *Cohen v. Alliant Enters., Inc.* 60 S.W.3d 536 (Ky. 2001).

1     or negligent act. The employer's responsibility is secondary, in the sense that he has committed

2     no moral wrong, but under the law is held accountable for his agent's conduct."[7] This is

3     consistent with Nevada case law. However, California's common law then varies from Nevada.

4     Whereas Nevada has already ruled that "the release of an employee automatically releases the

5     vicariously liable employer,"[8] California concludes "[a] plaintiff seeking to hold an employer

6     liable for injuries caused by employees acting within the scope of their employment is not

7     required to name or join the employees as defendants."[9] California is free to choose a different

8     common law than Nevada, but does not change the result here. The same analysis applies to the

9     decisions from Pennsylvania that Plaintiff cites. She also cites a federal district court decision

10     from Rhode Island also has not been adopted in its state courts.

11        Aloha's majority position is supported by Nevada common law and the interpretations of

12     similar common law from the highest courts of New York, Maine, Delaware, Arkansas, and Ohio.

13     Plaintiff cites the minority position from Kentucky, California, and Pennsylvania. However, these

14     minority positions conflict with Nevada's established common law.

15             **iii. Plaintiff's criticisms of Aloha's case law are inaccurate.**

16        Plaintiff offers limited criticism of the Delaware and Ohio cases that Aloha cites. She

17     claims the Delaware courts have disavowed *Greco*. Plaintiff is wrong. In summer, 2017 a

18     Delaware Superior Court noted, "in order for a corporate entity to be found liable for the

19     negligence of its employees, a viable cause of action must exist against the employee. This issue

20     was squarely addressed in *Greco v. University of Delaware*."[10] The Superior Court restated

21     *Greco*'s holding that "a viable cause of action against the employee for negligence is a condition

22     precedent to imputing vicarious liability for such negligence to the employer pursuant to the

---

[7] *Bradley v. Rosenthal*, 97 P. 875, 876 (Cal. 1908).
[8] *Van Cleave v. Gamboni Constr. Co.*, 101 Nev. 524, 525, 706 P.2d 845, 846 (1985).
[9] *Perez v. City of Huntington Park*, 7 Cal. App. 4th 817, 820 (1992).
[10] *Lewis v. McCracken*, No. N13C-10-17, 2017 Del. Super. LEXIS 327 (Super. Ct. July 5, 2017). Aloha also notes that the citation provided to the Delaware case that Plaintiff cites does not work. Aloha is unable to locate or access that ruling. This is irrelevant, as the proposition Plaintiff attributes to that case is demonstrably wrong.

theory of respondeat superior."[11]  It then refused to impose vicarious liability against the employer.  "As no viable claim against Nurse Szymanski exists because the statute of limitations has expired, AAW cannot be held vicariously liable for her alleged negligence."[12]

As to Ohio, Plaintiff argues the express limitations the Supreme Court of Ohio found on derivative liability apply only to medical malpractice claims like she cites.  This is incorrect.  Ohio has many Courts of Appeal.  Its Seventh District applied the limitation in a negligence suit arising from tree trimming, noting *Comer*'s holding that "no liability exists for the principal if the agent who is alleged to have committed the negligence has no liability."[13]  Its Tenth District applied it to a legal malpractice claim, noting "the vicarious liability of a law firm is necessarily dependent upon the direct liability of its principals or associates."[14]

## II.  Summary judgment is proper for negligent hiring, training, supervision or retention.

This section presents a pure question of law.  Plaintiff concedes that if Aloha's position is correct, then summary judgment is proper.  The question which rule Nevada will follow.  This decision is unguided as no Nevada appellate court has directly addressed this question.

Aloha's motion cites a bevy of decisions from the highest courts of 18 jurisdictions and multiple federal courts in others all ruling that if it is conceded an employee was within the course and scope of employment when the allegedly negligent act occurred, then vicarious liability for the damages that employee's negligence caused is already established.  As causes of action for negligent hiring, training, supervision, or retention seek only to impose vicarious liability where course and scope is not conceded, the causes of action are moot.  The Nevada case law Plaintiff cites concerned the latter scenarios, where course and scope was disputed.  In that circumstance, it was proper for the plaintiff to proceed with alternative causes of action.

---

[11] *Id.* (quoting *Greco*, 619 A.2d at 903.)
[12] *Id.*
[13] *Phillips v. Am. Elec. Power*, 2011-Ohio-6731, ¶ 41 (Ct. App.).
[14] *Ill. Nat'l Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.*, 2010-Ohio-5872, ¶ 22 (Ct. App.).

The principles of eliminating duplicative claims, double recoveries, and avoiding evidence whose probative value is irrelevant to the matters at hand and would be unfairly prejudicial evidence are all consistent with Nevada's own same principles.

### a. Plaintiff lacks evidence to prove these claims.

Alternatively, Aloha argues Plaintiff lacks evidence to support these causes of action. In Nevada, "[t]he tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position."[15] "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities."[16] Plaintiff presents no evidence that Mr. Levias had any "dangerous propensities." She does not argue that Mr. Levias was unfit for his job.

Instead she argues that Aloha failed to train Mr. Levias about how to put a stool next to a van. However, she provides no admissible evidence indicating what training Aloha was required to provide.

## III.    No genuine issues of material fact remain for trial.

Plaintiff cannot have it both ways. She is either trying to sue Aloha for Mr. Levias' negligence, or she is trying to sue Aloha for someone else's negligence. She cannot argue that. She alleges he was negligent and caused her injuries, but she failed to sue him. She alleges he was negligently hired or trained, but does not identify "dangerous propensities" he had that disqualified him from the position he held. Plaintiff's causes of action all fail, leaving nothing for trial. Summary judgment is proper.

///

///

///

///

---

[15] *Burnett v. C.B.A. Sec. Serv.*, 107 Nev. 787, 789, 820 P.2d 750, 752 (1991).
[16] *Hall v. SSF, Inc.*, 112 Nev. 1384, 1392, 930 P.2d 94, 98 (1996).

1      DATED this 1st day of February, 2019.

2

3          **WILSON ELSER**
         WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

4          */s/ Michael P. Lowry*

     BY: _____

5          MICHAEL P. LOWRY

         CHRISTOPHER D. PHIPPS

6          300 South 4th Street, 11th Floor

         Las Vegas, NV 89101-6014

7          Tel: 702.727.1400/Fax: 702.727.1401

         Attorneys for Aloha Airport Express, LLC

8

9          **CERTIFICATE OF SERVICE**

10      Pursuant to FRCP 5, I certify that I am an employee of Wilson Elser Moskowitz Edelman &

11 Dicker LLP, and that on February 1, 2019, I served **Aloha Airport Express, LLC's Reply re**

12 **Motion for Summary Judgment** as follows:

13     ☐     by placing same to be deposited for mailing in the United States Mail, in a sealed

14         envelope upon which first class postage was prepaid in Las Vegas, Nevada;

15     ☒     via electronic means by operation of the Court's electronic filing system, upon each

16         party in this case who is registered as an electronic case filing user with the Clerk;

17

| Ian Estrada | |
|---|---|
| Richard Harris Law Firm | |
| 801 S. 4th St. | |
| Las Vegas, NV 89101 | |
| Attorneys for Sandra DeBlanc | |

18

19

20

21      BY:   */s/ Amanda Ochs*
         An Employee of

22          **WILSON ELSER**
         WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

23

24

25

26

27

28          Page 8 of 8